**UNITED STATES v. KAUFFMANN et al.**

No. 5803.

United States District Court
E. D. Missouri, E. D.

June 2, 1949.

Drake Watson, United States Attorney, of New London, Mo., for plaintiff.

Carter, Bull & McNulty and Richard S. Bull, of St. Louis, Mo., for defendants.

HULEN, District Judge.

Defendants suffered an adverse jury verdict based on breach of a written contract between defendants and United States Rubber Company,* with approval of plaintiff. The contract called for operation of the cafeterias at the Milwaukee Ordnance plant by defendants during the war years. The contract between plaintiff and the Rubber Co. for operation of the plant was on a cost plus consideration. The contract between defendants and the Rubber Co. carried a provision it could not be altered without written approval of the plaintiff. This suit results from a provision in defendants' contract requiring defendants to do the janitor work in the cafeterias. Defendants failed to perform the janitor service, with the result the Rubber Co. used its employees for such work. The Rubber Co., and in turn the plaintiff, as its assignee, claims defendants agreed to pay a stated amount for the work thus performed. Defendants charge the Rubber Co. agreed to perform the work at its own expense on defendants informing it of its losses in the operation and threat to cancel the contract. There is no claim plaintiff ever assented to any change in the contract between defendants and the Rubber Co. Defendants refused payment to the Rubber Co. In contract settlement between plaintiff and the Rubber Co. this claim against defendants was assigned to plaintiff and is the subject matter of this suit.

During the course of the trial defendants offered evidence to establish an agreement between the Rubber Co. and the defendants, that because defendants were operating the cafeteria at a loss the Rubber Co. agreed to do the janitor work with its own employees without cost to the defendants. This evidence was excluded. Defendants assert the Court erred in excluding this testimony. We conclude we did.

■ The case was tried on the theory the Government's cause of action was based on the written contract between defendants and the Rubber Co. and approved by the Government. This was the Government's position during the trial, during oral argument of this motion, and by brief submitted on motion. The contract appears in part in the complaint. A photostat copy is attached to the complaint as Government's

---

* Hereinafter referred to as the Rubber Co.

Exhibit A. A study of the complaint now convinces us the pleading does not sustain the theory upon which the case was tried. The complaint should be interpreted as pleading a claim, originally owned by the Rubber Co. and now held by plaintiff as assignee of the Rubber Co. As such assignee plaintiff sues on the claim formerly owned by the Rubber Co. The contract (Government's Exhibit A) is explanatory to claim sued on. How do we reach this conclusion?

The complaint in paragraphs 1 to 8, inclusive, refers to the contract (Government's Exhibit A) and the obligation therein assumed by defendants of doing the janitor work in the cafeteria and its failure to perform that part of the agreement. Paragraph 9 alleges the janitor work was done by and at the expense of the Rubber Co. "with an understanding with defendants and defendants' agent * * * that the costs of janitor service were to be paid by defendants." During oral argument on motion for new trial Government counsel was asked the meaning of this paragraph in the complaint. He did not give the Court any enlightenment. Briefs filed subsequently are silent on the subject. Paragraph 10 of the complaint states the amount expended by the Rubber Co. for janitor service and concludes "defendants jointly and severally failed to pay to Rubber Company said amount or any part thereof as agreed." Paragraph 11 itemizes invoices of the Rubber Co. and the amounts expended for janitor work in the cafeteria. Paragraph 13 pleads the "invoices" were submitted to defendants and "no part of any one of same was paid by defendants to Rubber Company." These allegations are followed with this paragraph:

"14. Because of the failure and refusal of defendants to pay the invoices totaling $8,320.34 or any part thereof, Rubber Company had all right, title and interest in and to the account, cause of action and indebtedness in the sum of $8,320.34 against defendants for the mentioned janitor service, which defendants failed to furnish or pay as agreed."

Paragraph 15 recites that for a consideration of $1 paid by the plaintiff to the Rubber Co. the Rubber Co. "sold, assigned and transferred unto plaintiff * * * and assigns to its and their own proper use and benefit all right, title and interest of Rubber Co. in and to the account, cause of action and indebtedness in the mentioned sum of $8,320.34 belonging to Rubber Co. against defendants * * * which defendants failed to furnish and for which defendants failed to pay as agreed * * *. A copy of said assignment marked Plaintiff's Exhibit C" is attached to the complaint. The prayer is for the exact amount of the assignment.

Even though the Rubber Co. and the defendants could not, without the consent of the proper Government authority, bind the Government (i. e., add any additional cost to the original contract to be passed on to the Government), yet these parties (Rubber Co. and defendants) could enter into a binding agreement as between themselves respecting alteration or modification of the subcontract. The fact that by so doing the Rubber Co. might render itself liable to the Government for any loss sustained by the Government as a result of such an agreement should have no bearing upon the question as between the other two parties, and is not an issue here. The fact remains that if the Rubber Co. did enter into such an agreement with defendants as defendants, claim, then the Rubber Co. would have no cause of action against the defendants for their failure to pay for the janitor service. It follows that the Government *as assignee* of the Rubber Co. would be in no better position than the Rubber Co., its assignor. For this reason we conclude it was error to deny defendants their opportunity to show their version of the agreement.

Even if it should be held that such an agreement could not be entered into so as to foreclose suit against the defendants by the Government, the evidence offered by defendants, and rejected, was proper under the issue as to whether or not the defendants had agreed to pay for the janitor service the stated amount and as alleged in the Government's complaint. The Government's complaint has been analyzed above.

It is based on a claim that defendants agreed to pay for the janitor services as per the invoices rendered by the Rubber Co. In order for such a cause of action to be established it is necessary to show an agreement between the Rubber Co. and the defendants *supplementing* the original subcontract. If not, what do we have? We have the original subcontract which has been breached by the defendants, for which breach the Government, as assignee of the Rubber Co., is entitled only to recover the damages caused by the breach—the reasonable value of the janitor services rendered necessary because of the breach. In such a case the invoices are not binding upon the defendants, but are merely evidence of the reasonable value of the cost of the janitor service, which the jury may accept or reject as it chooses. But the Government did not try its case on any such theory. It made no effort to prove the charges were reasonable.

If, however, as we conclude to be the case, the Government bases its action by its pleading upon an alleged supplemental agreement between the Rubber Co. and the defendants, wherein the defendants agreed to pay the cost of the janitor service, as per the bills submitted by the Rubber Co. and assigned to plaintiff, the defendants are entitled to offer evidence contradicting the existence of such an agreement. Evidence tending to show an agreement of a different nature would also tend to show that there was no such agreement as is contended by the Government. Even though the defendants cannot bind the Government by any such agreement, they can, by proving to the satisfaction of the jury that it did exist, disprove the existence of an agreement on their part to pay for the janitor service, according to the supplemental agreement sued on, the two agreements being inconsistent with each other and practically mutually exclusive. See: 13 C.J. 737; 17 C.J.S., Contracts, § 549, page 1186; University City, Mo. v. Home Fire & Marine Ins. Co., 8 Cir., 1940, 114 F.2d 288, 294.

Having reached the conclusion that defendants' motion for new trial should be sustained for the reason set forth in paragraph 7, it is unnecessary to pass on the remaining assignments contained in the motion.